IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CONNIE FRANCES WHIGUM,
    Plaintiff,

vs.                                      Case No.:  3:12cv383/MCR/EMT

UNITED STATES OF AMERICA, et al.,
    Defendants.
_____ /

## ORDER and REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (doc. 1).  Plaintiff also filed a motion for leave to proceed in forma pauperis (doc. 6), which will be granted.

       The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  Upon review of the complaint, the court concludes that dismissal of this case is warranted.

       Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Within the former are those cases in which it is either readily apparent that a complaint lacks

an arguable basis in law or that the defendants are clearly entitled to immunity from suit; within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990) (citing Neitzke, 490 U.S. at 327).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true, and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also* Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." Weissman v. Nat'l Ass'n of Sec. Dealers, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing Associated Builders, Inc., 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp., *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

Case No: 3:12cv383/MCR/EMT

<u>Marsh v. Butler Cnty., Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous.

In her complaint, Plaintiff states she has been labeled insane (doc. 1 at 10).[2] The Statement of Facts section of her complaint begins with a general assertion that her claims concern "Revolutionary Civil War Religious Treason Criminal Political Genocidal Terrorism Conspiracy, Hate Crime Premeditated Against Myself as the Heir and the Striving Survivors" (*id.* at 8). Next, the body of the Statement of Facts section is comprised of general protestations that she and her ancestors have not been treated fairly by the federal government or the State of Florida (*id.* at 8–13). The only specific factual assertion is that her "I.D." was taken on August 3, 2012, by the Santa Rosa County Tax Collector, Santa Rosa County Clerk of Court, and the Drivers License Division of the Florida Department of Highway Safety and Motor Vehicles (*id.* at 12). In the Statement of Claims section she states:

> All constitutional rights of the founding family, ethics [sic] has been violated by all participating parties of the U.S.A., worldwide conspiracy against Saint Frances inherited U.S.A. [sic]. This conspiracy was premeditated to control and destroy all inheritance due to her race, religion, origin. This hatred was bread [sic] into every generation of the non-founders and the white race and remaining races, culture, most including the Black cultures as mine of the brown-skinned population.

(doc. 1 at 14). As relief, Plaintiff seeks the following:

> Inheritance, women's rights, monetary [sic], criminal action, release of all defendants granted repeals [sic], and decisions from appeal court. I want this complaint and claims to stay open at request for protection to the founder and to honor my slain mother and her twin brother, parents, and ancestors, who were also slain for gains of our inherited lands as greed of which the founders shared but was not accepted by this world or its religion as treason against the founders.

(doc. 1 at 14). Plaintiff submitted over five hundred (500) pages of exhibits with her complaint (doc. 1).

---

[2] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

Case No: 3:12cv383/MCR/EMT

The allegations of the complaint fail to state a claim with an arguable basis in either law or fact.  Further, amendment of the complaint will not cure this insufficiency.  Therefore, the complaint should be dismissed.

Accordingly, it is **ORDERED**:

Plaintiff's motion for leave to proceed in forma pauperis (doc. 6) is **GRANTED**.

And it is it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

2. That all pending motion be **DENIED as moot**.

At Pensacola, Florida this 13th day of August 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**